STROOCK & STROOCK & LAVAN LLP
STEPHEN J. NEWMAN (State Bar No. 181570)
DUSTIN A. LINDEN (State Bar No. 280524)
GAGANJYOT K. SANDHU (State Bar No. 327379)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: 310.556.5800
Facsimile: 310.556.5959
Email:     lacalendar@stroock.com

DISABILITY RIGHTS LEGAL CENTER
CHRISTOPHER H. KNAUF (State Bar No. 185180)
ALEXANDRA M. ROBERTSON (State Bar No. 298637)
BRENDAN M. HAMME (State Bar No. 285293)
1541 Wilshire Boulevard, Suite 400
Los Angeles, CA 90017
Telephone: 213.736.1031 x1195
Facsimile: 213.736.1428
Email:     ck@drlcenter.org
           ar@drlcenter.org
           bh@drlcenter.org

Attorneys for Plaintiff
   FRANCISCO SERRANO, on behalf of himself and
   others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SERRANO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLIXBUS INC.; SCREAMLINE INVESTMENT CORPORATION D/B/A TOURCOACH CHARTER & TOURS; USA COACH SERVICES, INC.; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-04355-JAK-PJW<br><br>**JOINT RULE 16(b)/26(f) REPORT**<br><br>Honorable John A. Kronstadt<br>Courtroom 10B<br><br>Scheduling Conference<br>Date: February 1, 2021<br>Time: 8:30 a.m.<br>Ctrm: 10B<br><br>Action Filed: May 14, 2020<br>Trial Date: None set |

Pursuant to the Order Regarding Stipulation for Continuance of the Rule 16(b)/26(f) Conference entered by the Court on November 11, 2020 (ECF No. 56), as well as the Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rule 26, plaintiff Francisco Serrano ("Plaintiff") and defendants FlixBus Inc. ("FlixBus") and Screamline Investment Corporation d/b/a TourCoach Charter & Tours ("TourCoach"; Plaintiff, FlixBus, and TourCoach, collectively, the "Parties") hereby submit this Joint Rule 16(b)/26(f) Report as follows:[1]

### a. Statement of the Case

*Plaintiff:* Plaintiff is a California resident who is a full-time wheelchair user who is unable to walk or drive, and relies exclusively on mass transit service from providers like FlixBus, TourCoach, and USA Coach (collectively, "Defendants") for his daily transportation needs. As alleged in the Complaint, Defendants operate intercity bus services throughout California and the United States that regularly and systematically discriminate against individuals who use wheelchairs or other mobility devices for their daily living. These individuals include Plaintiff and the Class Members. Specifically, Defendants utilize vehicles with broken or malfunctioning wheelchair lifts, or no lifts at all, and employ personnel without proper training to operate the lifts. On at least a dozen separate occasions in 2018 and 2019, Plaintiff experienced difficulty boarding and riding on vehicles that were leased, owned, and/or operated by Defendants traveling between Los Angeles and San Diego that Plaintiff booked through FlixBus. The effect of Defendants' misconduct has been to exclude Plaintiff and the Class Members from the full and equal enjoyment of Defendants' transportation services in violation of the federal Americans with Disabilities Act (the

---

[1] As of the filing of this Joint Report, defendant USA Coach Services, Inc. ("USA Coach") has failed to appear or otherwise participate in this lawsuit. USA Coach thus remains in default and subject to default judgment. (See ECF Nos. 27, 41 and 56). Accordingly, except as otherwise stated herein, nothing in this Joint Report applies to USA Coach and the collective term "Parties" does not include USA Coach.

"ADA") and California's Unruh Civil Rights Act (the "Unruh Act"). Defendants have also violated California's Unfair Competition Law (the "UCL") by repeatedly making false public statements that their transportation services are accessible to everyone, including wheelchair users. Therefore, on May 14, 2020, Plaintiff brought this class action for injunctive and declaratory relief to rectify Defendants' ongoing discrimination and false advertising. Plaintiff also seeks statutory damages, attorneys' fees, and litigation costs for himself.

Following FlixBus's and USA Coach's failure to respond to the Complaint, Plaintiff moved for entry of default against both parties, which the Clerk entered. (See ECF Nos. 20, 22, 25, 27). Plaintiff then filed the Motion for (1) Entry of Default Judgment Against Defendants FlixBus Inc. and USA Coach Services, Inc. and (2) Class Certification ("Motion for Default Judgment"). (ECF No. 41.) Since then, Plaintiff has been engaged in settlement negotiations with FlixBus, which recently resulted in an executed memorandum of understanding and Plaintiff's withdrawal of the Motion for Default Judgment as to FlixBus only. (ECF No. 61.) Plaintiff and FlixBus are now in the process of finalizing a settlement agreement. Plaintiff also remains in ongoing settlement negotiations with TourCoach.

USA Coach, on the other hand, has still not responded to the Complaint, appeared, or otherwise participated in this lawsuit. Therefore, the Motion for Default Judgment remains pending against USA Coach. The hearing on the Motion is set for February 1, 2021, the same day as the Rule 16(b)/26(f) conference to which this Joint Report pertains.

*FlixBus:* Plaintiff'' allegations reflect a fundamental misunderstanding of FlixBus's business: FlixBus is a technology platform that provides its services to transportation companies (bus operators) such as Defendants TourCoach and USA Coach to create a better, more holistic, and more affordable mobility product for the traveling public. In turn, bus operators that contract with FlixBus use the FlixBus

platform to market and sell their transportation services to their customers. FlixBus does not operate, lease, or own any buses. More fundamentally, FlixBus is not a "public accommodation" subject to the American with Disabilities Act ("ADA"); nor is FlixBus a "specified public transportation service" within the meaning of the ADA. Nonetheless, FlixBus cares deeply about improving service for all customers, including those with disabilities. For example, through contract, FlixBus requires bus companies that use FlixBus's services to adhere to federal and state transportation laws and regulations, including the ADA. Consistent with FlixBus's desire to improve transportation services for all including those with disabilities, and to avoid the cost and business interruptions associated with litigation (which was commenced just as the Covid-19 pandemic wreaked havoc in FlixBus's business), FlixBus has voluntarily entered into a Memorandum of Understanding with Plaintiff and is currently awaiting Plaintiff to execute or provide comments on a draft settlement agreement, which FlixBus expects to be finalized in the coming days. FlixBus thus does not expect to be a party to this litigation. Nevertheless, FlixBus disputes Plaintiff's and TourCoach's allegations to the extent that they state or imply that FlixBus has violated any laws or regulations and reserves the right to defend itself fully against those allegations, if settlement negotiations fall through or as it may otherwise be necessary.

*TourCoach:* Plaintiff went on Flixbus tours, not on TourCoach tours. Plaintiff purchased tickets from Flixbus, not from TourCoach. Flixbus provided the tours and was responsible for communicating with Plaintiff on each and every occasion he purchased tickets. TourCoach's role was to provide buses for some of the Flixbus tours. TourCoach was not the only transporation company that Flixbus uses, and therefore, Plaintiff did not ride only on TourCoach buses when he allegedly encountered problems. Plaintiff apparently purchased Flixbus tours on numerous occasions, and on some, but not all of those tours, TourCoach buses were used.

Bottom line, TourCoach provided compliant ADA service to Plaintiff each and every time its buses were used and to the best of its ability, and TourCoach emphatically denies Plaintiff's claims of discriminatory conduct.

**b.** **Subject Matter Jurisdiction**

This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff has alleged claims under the ADA, a federal statute. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under California's Unruh Act and UCL because they arise from the same conduct that forms the basis of Plaintiff's federal ADA claim.

**c.** **Legal Issues**

*Plaintiff:* Plaintiff's Complaint alleges violations of the ADA, the Unruh Act, and the UCL. Based on those alleged violations, and that Plaintiff and FlixBus have executed a memorandum of understanding and nearly finalized a settlement agreement on substantively identical terms, Plaintiff represents that the key legal issues at this time are as follows:

- Whether Plaintiff and others similarly situated ("Class Members") have been denied the right to full and equal enjoyment of TourCoach's goods, services, facilities, privileges, advantages, or accommodations in violation of the ADA and Unruh Act;

- Whether TourCoach is required by the ADA and Unruh Act to maintain operational wheelchair lifts on vehicles used in their transportation services;

- Whether the lack of a wheelchair lift on the vehicles used in TourCoach's transportation services violates the ADA and Unruh Act;

- Whether the broken or malfunctioning wheelchair lifts on the vehicles used in TourCoach's transportation services violate the ADA and Unruh Act;

- Whether TourCoach is required by the ADA and Unruh Act to train personnel to properly operate wheelchair lifts on vehicles used in its transportation services;

- Whether TourCoach properly trained its personnel to operate wheelchair lifts on vehicles used in its transportation services, and whether that training, or the lack thereof, violated the ADA and Unruh Act;

- Whether TourCoach had policies and procedures in place sufficient to ensure compliance with the ADA and Unruh Act;

- Whether TourCoach otherwise acted properly to ensure sufficient compliance with the ADA and Unruh Act;

- Whether TourCoach is liable for the unlawful conduct alleged herein due to its individual ownership, operation, maintenance, development, control, and/or leasing of the property that is the subject of this litigation;

- TourCoach's intent in committing the wrongful acts alleged herein;

- Whether Plaintiff and Class Members are entitled to declaratory, injunctive, and/or other equitable relief;

- Whether Plaintiff and Class Members are entitled to an award of attorneys' fees and costs incurred in bringing this action; and

- Whether the TourCoach National Class and TourCoach California Class, as defined in the Complaint, should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

*FlixBus:*

- Whether FlixBus is subject to the ADA;
- Whether FlixBus could have violated the Unruh Act or the UCL, given that it is not subject to the ADA;

- Whether FlixBus is in custody, possession, or control of any discoverable information that is not also in custody, possession, or control of Plaintiff and TourCoach.

FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party to this litigation FlixBus reserves the right to identify additional legal issues if the settlement negotiations fall through or as it may otherwise be necessary.

*TourCoach:*

- Whether a malfunctioning lift constitutes discrimination under the ADA;
- Whether a plaintiff who has repeatedly successfully ridden on a transportation company's buses with compliant and complete ADA access, who is inconvenienced by a malfunctioning wheelchair lift, can properly assert a claim for intentional discrimination under the ADA;
- Whether TourCoach must have a fully accessible fleet or must only provide equivalent service on a demand responsive basis.
- Whether a plaintiff who is engaged in an attempted "set up" of a transportation company for ADA violations has standing to assert ADA violations.

d.   **Parties and Non-Party Witnesses**

*Plaintiff:* Based on its investigation to date, Plaintiff anticipates that its witnesses will include Plaintiff; corporate representatives from TourCoach who can testify to, among other things, the company's policies and procedures relating to ADA compliance and the company's history of ADA compliance and/or violations; employees of TourCoach with knowledge of Plaintiff's bus rides, anticipated rides, and ticket purchases, including bus drivers, repairpersons and mechanics, customer service representatives, salespersons, ADA compliance personnel (if any), and employees with whom Plaintiff may have communicated; third-parties with knowledge of Plaintiff's bus rides, anticipated rides, and ticket purchases, including

other passengers on the alleged bus rides who may be percipient witnesses to the events alleged in the Complaint; experts on ADA compliance in the transportation industry; and witnesses identified and TourCoach or otherwise disclosed in discovery as having knowledge and information regarding Plaintiff's claims and damages. Plaintiff reserves the right to identify additional witnesses as discovery proceeds.

*FlixBus:* FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. FlixBus reserves the right to identify witnesses if the settlement negotiations fall through or as it may otherwise be necessary.

*TourCoach:* At this time, TourCoach anticipates that witnesses will include Plaintiff, those individuals who accompanied Plaintiff on various rides, Flixbus representatives who sold tickets and communicated with Plaintiff regarding his tickets and alleged complaints about his experiences on Flixbus tours, and representatives of TourCoach including bus drivers who transported Plaintiff.

e. **Damages**

*Plaintiff:* With respect to TourCoach, under the Unruh Act, Plaintiff is entitled to recover $4,000 for each violation of the ADA by TourCoach. Plaintiff has identified at least four trips or attempted trips that violated the ADA and the Unruh Act where the vehicles were leased, owned and/or operated by TourCoach. Plaintiff thus seeks a minimum of $16,000 in statutory damages from TourCoach. Under the ADA and the Unruh Act, Plaintiff is also entitled to attorneys' fees and costs from TourCoach.

With respect to FlixBus, and as set forth below in section n., Plaintiff and FlixBus have executed a memorandum of understanding and are in the process of finalizing a settlement agreement on substantively identical terms.

*FlixBus:* FlixBus denies that Plaintiff is denied entitled to recover any damages.

*TourCoach:* TourCoach denies Plaintiff suffered recoverable damages attributable to its conduct.

**f. Insurance**

*Plaintiff:* Not applicable.

*FlixBus:* None.

*TourCoach:* None

**g. Motions**

*Plaintiff:* Plaintiff anticipates filing discovery motions, a motion for summary judgment, a motion for class certification, and motions in limine, as necessary.

*FlixBus:* FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. FlixBus reserves the right to file motions including motion to vacate default, motion to dismiss, discovery motions, and motion for summary judgment, if the settlement negotiations fall through or as it may otherwise be necessary. FlixBus further anticipates filing a motion for a protective order or a motion to quash if Plaintiff or TourCoach seek burdensome discovery from FlixBus.

*TourCoach:* At this time, TourCoach anticipates that it will file a motion for summary judgment.

**h. Manual for Complex Litigation**

This case does not require any Manual for Complex Litigation procedures.

**i. Status of Discovery**

As set forth in the Parties' status reports (ECF Nos. 48, 52 and 57) and as discussed below in section n., the Parties have been engaged in meaningful settlement negotiations for several months and are optimistic that the negotiations will succeed. As a result, the Parties have not yet engaged in formal discovery.

Nevertheless, as part of Plaintiff's settlement negotiations with TourCoach, TourCoach has provided written answers to interrogatories informally propounded by Plaintiff. Should settlement negotiations between Plaintiff and TourCoach fail, the parties will begin formal, written discovery shortly thereafter.

Because Plaintiff's settlement negotiations with FlixBus are nearly complete, the parties do not anticipate the need to engage in formal discovery. Should settlement negotiations between Plaintiff and FlixBus fail, the parties will begin formal, written discovery shortly thereafter.

**j.** **Discovery Plan**

Plaintiff and TourCoach propose a discovery plan pursuant to Federal Rule of Civil Procedure Rule 26(f) as follows:

**1.** **Initial Disclosures**. Plaintiff and TourCoach shall exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before February 8, 2021.

***2.*** **Timing and Subjects of Discovery**.

*Plaintiff:* Plaintiff agrees to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure. Plaintiff anticipates that discovery will focus on Plaintiff's bus rides, anticipated rides, and ticket purchases, including the wheelchair lifts on the vehicles in question and the conduct of employees operating those vehicles; TourCoach's ADA and Unruh Act compliance with respect to Plaintiff's bus rides, anticipated rides, and ticket purchases; TourCoach's history of ADA and Unruh Act compliance and/or violations; TourCoach's practices, policies, and procedures related to the ADA and Unruh Act; TourCoach's employee training with respect to the ADA and Unruh Act; and public statements made by TourCoach with respect to their ADA and Unruh Act compliance. After written discovery is complete, Plaintiff proposes taking the depositions of the witnesses listed above in section d. on the nonexclusive set of topics described therein.

Stroock & Stroock & Lavan LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086

*TourCoach:* TourCoach agrees to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure. TourCoach anticipates that discovery will focus on Plaintiff's bus rides, anticipated rides, and ticket purchases with Flixbus, including the wheelchair lifts on the vehicles in question and the conduct of employees operating those vehicles; TourCoach's ADA and Unruh Act compliance with respect to Plaintiff's bus rides, anticipated rides; TourCoach's practices, policies, and procedures related to the ADA and Unruh Act; TourCoach's employee training with respect to the ADA and Unruh Act; and public statements made by TourCoach with respect to their ADA and Unruh Act compliance. Discovery will also cover Plaintiff's history of ADA complaints, litigation, or activism, communications with Flixbus both before and after any tours, complaints communicated to Flixbus or others related to any of the tours, and the role of other transportation companies in the provision of tours to Plaintiff.

*Plaintiff and TourCoach:* Plaintiff and TourCoach intend to propound interrogatories, document requests, and requests for admissions and have proposed November 19, 2021 for the end of fact discovery.

*FlixBus:* FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. If settlement negotiations fall through, FlixBus would seek to lift the default and request that the Court modify the case schedule as it may be necessary to allow FlixBus to defend itself. FlixBus thus does not expect to be a party in this litigation. Plaintiff disputes that it possesses documents or information that are discoverable and not already in possession, custody, or control of Plaintiff and TourCoach.

3.     **Discovery of Electronically Stored Information**. Plaintiff and TourCoach agree that discovery should be produced in an accessible, secure, and convenient manner. Plaintiff and TourCoach agree that they will discuss production of ESI if and when discovery of ESI is triggered. Plaintiff and TourCoach do not

anticipate any ESI preservation issues. Based on the nature of this case, Plaintiff and TourCoach believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once Plaintiff and TourCoach have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the Parties believe is necessary.

**4.    Claims of Privilege or Protection**. At this time, Plaintiff and TourCoach do not know whether this action will require the production of confidential, trade secret, and/or commercially sensitive information. If needed, the parties will endeavor to enter into a Stipulated Protective Order and submit it for the Court's approval and entry.

*FlixBus:* FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. FlixBus reserves the right to seek a protective order if it is required to produce sensitive information (as a party if negotiations fall through or as a third party), such as personal identifying information and/or information relating to passenger disability.

**5.    Limitations on Discovery**. Plaintiff and TourCoach agree it is unnecessary to conduct discovery in phases or be limited or focused on particular issues. Plaintiff and TourCoach do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**6.    Electronic Service of Papers**. Plaintiff and TourCoach agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email addresses counsel provided to all parties. The format to be used for attachments to any email message shall be Microsoft Word (.doc), Microsoft Excel

(.xls), or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**7. Other Orders**. None at this time.

**k. Discovery Cut-Off**

*Plaintiff's and TourCoach's* proposed timetable is set forth in the attached Exhibit A – Schedule of Pretrial and Trial Date for Civil Cases.

*Plaintiff and TourCoach* propose a non-expert discovery cut-off date of November 19, 2021.

*FlixBus***:** FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. If settlement negotiations fall through, FlixBus would seek to lift the default and request that the Court modify the case schedule as it may be necessary to allow FlixBus to defend itself.

**l. Expert Discovery**

*Plaintiff's and TourCoach's* proposed timetable is set forth in the attached Exhibit A – Schedule of Pretrial and Trial Date for Civil Cases.

*Plaintiff and TourCoach* propose an initial expert disclosure cut-off date of December 3, 2021 and a rebuttal expert disclosure date of December 17, 2021. The parties propose an expert discovery cut-off date of December 31, 2021.

*FlixBus:* FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. If settlement negotiations fall through, FlixBus would seek to lift the default and request that the Court modify the case schedule as it may be necessary to allow FlixBus to defend itself.

m. **Dispositive Motions**

*Plaintiff:* Plaintiff anticipates filing a motion for summary judgment and motion for class certification to adjudicate the legal issues identified above in section c., including establishing TourCoach's liability on Plaintiff's ADA, Unruh Act, and UCL claims; the corresponding damages, attorneys' fees, and costs owed by TourCoach to Plaintiff; and establishing that Plaintiff is entitled to certification of the TourCoach National Class and TourCoach California Class.

*TourCoach:* TourCoach anticipates that it will file a motion for summary judgment after sufficient discovery has been completed.

*FlixBus:* FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. FlixBus reserves the right to file to dismiss and a motion for summary if the settlement negotiations fall through.

n. **Settlement**

As of the date of the filing of this Report, Plaintiff and FlixBus have reached a settlement in principle, in the form of an executed written memorandum of understanding. (See ECF No. 59). As a result, Plaintiff withdrew the Motion for Default Judgment as to FlixBus only. (ECF No. 61.) Plaintiff is currently reviewing a draft Settlement Agreement that FlixBus prepared and transmitted to Plaintiff on January 19, 2021. Upon execution of a final settlement agreement between Plaintiff and FlixBus, Plaintiff will dismiss his claims in this action against FlixBus with prejudice, subject to the Court's retention of jurisdiction to enforce the terms of the settlement.

Plaintiff's settlement negotiations with TourCoach remain ongoing, with both parties trading substantive drafts of proposed settlement terms and negotiating by telephone. Plaintiff and TourCoach will continue to report on the progress of their settlement negotiations as ordered by the Court.

Stroock & Stroock & Lavan LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086

13

JOINT RULE 16(b)/26(f) REPORT
Case No. 2:20-cv-04355-JAK-PJW

NY 78342874

As stated, defendant USA Coach has failed to appear or otherwise participate in this lawsuit and remains in default and subject to default judgment. Despite proper service by Plaintiff of every filed document on USA Coach (along with other correspondence), Plaintiff has been unable to make contact with USA Coach. As a result, Plaintiff has been unable to discuss settlement with USA Coach.

o. **Trial Estimate**

Plaintiff has requested a jury trial and the Parties anticipate that a trial will require between five to seven days, excluding voir dire.

p. **Trial Counsel**

Plaintiff will be represented at trial by Stephen J. Newman (lead counsel), Dustin A. Linden, and Gaganjyot K. Sandhu of Stroock & Stroock & Lavan LLP.

FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. If settlement negotiations fall through, FlixBus will be represented at trial by Ali Mojibi of Covington & Burling LLP.

TourCoach will be represented by Mohammed K. Ghods and Jeremy A. Rhyne of the LEX OPUS law firm.

q. **Independent Expert or Master**

The Court should not consider appointing a Master pursuant to Rule 53 to this case.

r. **Timetable**

*Plaintiff's and TourCoach's* proposed timetable is set forth in the attached Exhibit A – Schedule of Pretrial and Trial Date for Civil Cases.

*FlixBus*: FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. If settlement negotiations fall through, FlixBus

would seek to lift the default and request that the Court modify the case schedule as it may be necessary to allow FlixBus to defend itself.

s. **Other Issues**

*Plaintiff:* As of this Joint Report, USA Coach has failed to appear or otherwise participate in this lawsuit. USA Coach has been in default since June 25, 2020 (ECF No. 27) and is the only defendant still subject to the Motion for Default Judgment (Plaintiff withdrew the Motion as to FlixBus (ECF No. 61)). The hearing on the Motion is set for February 1, 2021 (the same date as the Rule 16(b)/26(f) conference). (ECF No. 56.) To the extent that the Motion is not granted in full, Plaintiff reserves all rights as to USA Coach with respect to discovery and the filing of dispositive and other motions, as necessary, to litigate against USA Coach.

*FlixBus:* None at this time.

*TourCoach:* None at this time.

t. **Patent Cases**

Not applicable.

u. **Whether the Parties Wish to Have a Magistrate Judge Preside**

*Plaintiff and TourCoach* do not consent to have a Magistrate Judge preside over this action.

*FlixBus:* FlixBus and Plaintiff have executed a Memorandum of Understanding and nearly finalized a settlement agreement. FlixBus thus does not expect to be a party in this litigation. If the settlement negotiations fall through, FlixBus would consent to a Magistrate Judge presiding over this litigation.

//
//
//

| | | |
|---|---|---|
| 1 | Dated: January 22, 2021 | Respectfully submitted, |
| 2 | | STROOCK & STROOCK & LAVAN LLP |
| | | STEPHEN J. NEWMAN |
| 3 | | DUSTIN A. LINDEN |
| 4 | | GAGANJYOT K. SANDHU |
| 5 | | DISABILITY RIGHTS LEGAL CENTER |
| | | CHRISTOPHER H. KNAUF |
| 6 | | ALEXANDRA M. ROBERTSON |
| 7 | | BRENDAN HAMME |

By: _____/s/ Stephen J. Newman_____
        Stephen J. Newman

Attorneys for Plaintiff
  FRANCISCO SERRANO, on behalf of
  himself and all others similarly situated

Dated: January 22, 2021

COVINGTON & BURLING LLP
ALI MOJIBI

By: _____/s/ Ali Mojibi_____
        Ali Mojibi

Attorney for Defendant
  FLIXBUS INC.

Dated: January 22, 2021

LEX OPUS
JEREMY A. RHYNE

By: _____/s/ Jeremy A. Rhyne_____
        Jeremy A. Rhyne

Attorney for Defendant
  SCREAMLINE INVESTMENT
  CORPORATION D/B/A TOURCOACH
  CHARTER & TOURS

Stroock & Stroock & Lavan LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086

16

JOINT RULE 16(b)/26(f) REPORT
Case No. 2:20-cv-04355-JAK-PJW

NY 78342874

## ECF SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that the content of this document is acceptable to Ali Mojibi, Esq., counsel for Defendant FlixBus Inc., and Jeremy Rhyne, Esq., counsel for Defendant Screamline Investment Corporation d/b/a TourCoach Charter & Tours, and that Mr. Mojibi and Mr. Rhyne have provided their authorization to affix their electronic signatures to this document.

Dated: January 22, 2021                              */s/ Stephen J. Newman*
                                                                    Stephen J. Newman

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2021 a copy of the foregoing **JOINT RULE 16(B)/26(F) REPORT** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                */s/ Stephen J. Newman*
                 Stephen J. Newman

**Stroock & Stroock & Lavan LLP**
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086

CERTIFICATE OF SERVICE
Case No. 2:20-cv-04355-JAK-PJW

NY 78342874