UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04355 JAK (KSx) | Date | June 23, 2022 |
|---|---|---|---|
| Title | Francisco Serrano v. FlixBus Inc. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson-Terrell | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS FLIXBUS, INC., AND USA COACH SERVICES, INC. AND FOR CLASS CERTIFICATION (DKT. 41)**

**I.    Introduction**

On May 14, 2020, Francisco Serrano ("Plaintiff") brought this putative class action against FlixBus, Inc. ("FlixBus"), Screamline Investment Corporation d/b/a TourCoach Charter & Tours ("TourCoach"), USA Coach Services, Inc. ("USA Coach") and Does 1 through 10.[1] Dkt. 1. The Complaint asserts causes of action under the following statutes: the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.* ("Unruh Act") and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq. Id.* ¶¶ 5, 65-93.

On June 3, 2020, Plaintiff filed proofs of service stating that FlixBus and USA Coach were served with the Summons and Complaint on May 20, 2020. Dkts. 15, 18. On June 16, 2020, the Clerk entered the default of FlixBus. Dkt. 22. On June 25, 2020, the Clerk entered the default of USA Coach. Dkt. 27. On August 12, 2020, Plaintiff filed a motion for default judgment and for class certification. Dkt. 41 (the "Motion").

On November 3, 2021, TourCoach was dismissed from the action, pursuant to a stipulation by the parties. Dkt. 87.

In accordance with Local Rule 7-15, a determination was made that the Motion can be decided without oral argument, and it was taken under submission. Dkt. 66. For the reasons stated in this Order, the Motion is **DENIED** without prejudice.

**II.    Factual Background**

    A.    The Parties

---

[1] In this Order, FlixBus and USA Coach are collectively referred to as "Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04355 JAK (KSx) | Date | June 23, 2022 |
|---|---|---|---|
| Title | Francisco Serrano v. FlixBus Inc. et al. | | |

The Complaint alleges that Plaintiff is a resident of California. Complaint ¶ 16. The Complaint alleges that Plaintiff uses a wheelchair, is unable to walk or drive, and relies exclusively on mass transit services for his daily transportation needs. *Id.* ¶ 17.

The Complaint alleges that Flixbus is a Delaware corporation whose principal place of business is in California. *Id.* ¶ 20. The Complaint alleges that FlixBus is a private company primarily engaged in the business of transporting people through intercity bus services in California and throughout the United States. *Id.* ¶ 21. The Complaint alleges that Flixbus is a large operator of a fixed-route, over-the-road bus ("OTRB") service. *Id.* ¶ 23.

The Complaint alleges that USA Coach is a Nevada corporation whose principal place of business is in Las Vegas. *Id.* ¶ 25. The Complaint alleges that USA Coach provides intercity bus transportation services and that it is an operator of a fixed-route, OTRB service. *Id.* ¶ 26.

    B.    The Proposed Class

Plaintiff seeks to certify four classes. *See* Motion at 47.

The FlixBus National Class is defined as: "[a]ll individuals in the United States who require use of a wheelchair (or other mobility device) as necessary for their mobility and daily living and are located in an area where FlixBus offers, arranges, or provides transportation services." Complaint ¶ 54.

The USA Coach National Class is defined as: "[a]ll individuals in the United States who require use of a wheelchair (or other mobility device) as necessary for their mobility and daily living and are located in an area where USA Coach offers, arranges, or provides transportation services." *Id.*

The FlixBus California Class is defined as: "[a]ll individuals in California who require use of a wheelchair (or other mobility device) as necessary for their mobility and daily living and are located in an area where FlixBus offers, arranges, or provides transportation services." *Id.* ¶ 56.

The USA Coach California Class is defined as: "[a]ll individuals in California who require use of a wheelchair (or other mobility device) as necessary for their mobility and daily living and are located in an area where USA Coach offers, arranges, or provides transportation services." *Id.*

    C.    Factual Allegations

The Complaint alleges that Plaintiff relies on mass transit services from providers like Defendants for his daily transportation needs. *Id.* ¶ 17. The Complaint alleges that Plaintiff has used Defendants' services since August 2018 to take trips from his home in Los Angeles to visit family in and around San Diego. *Id.* ¶ 18.

The Complaint alleges that Plaintiff repeatedly experienced difficulty in boarding and riding on OTRBs traveling between Los Angeles and San Diego. *Id.* ¶ 38. It is alleged that Plaintiff booked the rides through FlixBus and that the vehicles were leased, owned or operated by USA Coach. *Id.* It is alleged that "[a]t least a dozen times" between August 2018 and May 2019, Plaintiff encountered vehicles that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04355 JAK (KSx) | Date | June 23, 2022 |
|---|---|---|---|
| Title | Francisco Serrano v. FlixBus Inc. et al. | | |

either did not have a wheelchair lift, had a broken lift, or had no personnel trained to operate the lift. *Id.*; *see also id.* ¶¶ 41-49. It is alleged that, as a result of these barriers, Plaintiff experienced humiliation and embarrassment and increased risk of injury. *Id.* ¶ 42. It is alleged that Plaintiff also incurred additional travel costs, including lengthy delays to travel plans and the purchasing of more expensive tickets. *Id.* ¶¶ 43-44.

      D.      Relief Sought

The Complaint seeks class-wide injunctive relief, which would bar Defendants from violating the ADA and Unruh Act and require Defendants to undertake remedial measures. *Id.* at 26-28. These include performing immediate inspections of all OTRBs used in Defendants' services, immediately removing from service any OTRBs that do not have proper accessibility features, establishing a system of mandatory maintenance checks, and training personnel. *Id.*

The Motion also seeks statutory damages for Plaintiff pursuant to the Unruh Act -- the minimum amount of $4000 per each of eight alleged violations of the ADA -- and an award of attorneys' fees and costs. Motion at 41-47.

**III.**      <u>Analysis</u>

      A.      Class Certification

           1.      <u>Legal Standards</u>

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotation marks and citation omitted). Under Fed. R. Civ. P. 23, a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). That "rigorous analysis" will "frequently" include "some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351. "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S. at 160; *see also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465-66 (2013) ("Although we have cautioned that a court's class-certification analysis must be rigorous and may entail some overlap with the merits of the plaintiff's underlying claim, Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent -- but only to the extent -- that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." (internal quotation marks and citations omitted)); Advisory Committee's 2003 Note on subd. (c)(1) of Fed. Rule Civ. P. 23("[A]n evaluation of the probable outcome on the merits is not properly part of the certification decision.").

The first step in establishing the propriety of class certification requires that a putative class representative show that the proposed class meets each of the prerequisites of Rule 23(a). *Wal-Mart*, 564 U.S. at 350; *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). These are;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04355 JAK (KSx) | Date | June 23, 2022 |
|---|---|---|---|
| Title | Francisco Serrano v. FlixBus Inc. et al. | | |

(1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4). Further, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350 (emphasis in original).

If these four requirements are satisfied, the next issue is whether the proposed class meets the standards of Fed. R. Civ. P. 23(b). *See, e.g., Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Here, Plaintiff contends that certification is appropriate pursuant to Rule 23(b)(2), which provides that a class proceeding "may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

    2.    <u>Application</u>

Plaintiff seeks certification of the four proposed classes for injunctive relief, arguing that he has sufficiently satisfied the requirements of Rule 23(a). Plaintiff also argues that the proposed classes satisfy Rule 23(b)(2)'s requirements for the certification of injunctive relief classes. However, the evidence currently provided is insufficient to demonstrate that class certification is appropriate. In light of that shortcoming, it is unnecessary to address the unsettled issue of whether class certification is appropriate where the defendant has defaulted. *See Wang v. Def. Tax Grp. Inc.*, No. CV 20-1193-CJC (MRWx), 2020 WL 5440556, at *1 (C.D. Cal. May 12, 2020) ("Plaintiff does not point the Court to a single case where a court in this Circuit has granted class certification after a defendant defaulted.")

Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (internal quotation marks and citation omitted). No specific number of members is needed to warrant a class action. *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967). "However, numerosity is presumed where the plaintiff class contains forty or more members." *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009). Plaintiff need not "establish the precise number of class members," *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, 2013 WL 5789237, at *3 (C.D. Cal. Oct. 25, 2013), but he "must be prepared to prove that there are *in fact* sufficiently numerous parties." *Wal-Mart*, 564 U.S. at 350.

Plaintiff has made an insufficient showing that the numerosity requirement is met. Plaintiff relies solely on allegations in the Complaint that there are "potentially hundreds or thousands of persons who use wheelchairs who may desire to use the FlixBus transportation service each month in the United States." Complaint ¶ 59; *see* Motion at 48. Plaintiff does not provide any specific numbers or estimates, nor does he address the numerosity requirement as to each class for which certification is sought. The allegations in the Complaint, alone, are insufficient. *See, e.g., Wang*, 2020 WL 5440556, at *2 (allegation in complaint regarding "thousands of persons" insufficient to satisfy numerosity); *Martinez v. Blu Prods., Inc.*, No. CV 17-2507-GW (AGRx), 2019 WL 12817014, at *2 (C.D. Cal. Aug. 19, 2019) (numerosity not met because no evidence provided as to subclasses); *Brooks v. Morphe LLC*, No. 2:20-CV-01219-KJM-DB, 2022 WL 2052680, at *3 (E.D. Cal. June 7, 2022) (reliance on insufficiently substantiated survey and census data insufficient to establish numerosity).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04355 JAK (KSx) | Date | June 23, 2022 |
|---|---|---|---|
| Title | Francisco Serrano v. FlixBus Inc. et al. | | |

For the foregoing reasons, the Motion is **DENIED** without prejudice as to the request for class certification.

      B.     Default Judgment

Through the Motion, Plaintiff seeks the entry of a default judgment for class-wide injunctive relief as well as for individual damages for Plaintiff under the Unruh Act. Because class certification has been denied without prejudice, a determination of the request for default judgment is **DEFERRED**. If Plaintiff elects to proceed solely with his individual claims, he shall file a corresponding notice within 14 days of the issuance of this Order. Should Plaintiff do so, the Motion will be reconsidered with respect to the relief requested by Plaintiff under the ordinary standards that apply under Fed. R. Civ. P. 55(b).

**IV.**     **Conclusion**

For the reasons stated in this Order, the Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

                                                                            :

Initials of Preparer    tj